**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH ARTHUR RODRIGUEZ,

    Plaintiff,

v.

M. S. EVANS, et al.,

    Defendants.
                                     /

No. C 05-05068 SBA (PR)

**ORDER OF SERVICE**

    Plaintiff Joseph Arthur Rodriguez, a state prisoner currently incarcerated at California Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison (SVSP) for injuries incurred in 2004. He has been granted leave to proceed in forma pauperis.

    Venue is proper in this district because the events giving rise to the action occurred at SVSP, which is located in this district. See 28 U.S.C. § 1371(b).

## BACKGROUND

    Plaintiff alleges that on December 28, 2004, SVSP prison officials used excessive force against him by pepper spraying him during a cell extraction after he refused to comply with a cell search.[1] Specifically, Plaintiff claims that Defendant SVSP Correctional Captain G. Lewis "authorized the use of force," and Defendant SVSP Correctional Lieutenant V. Elmore "gave instructions to proceed with the tactical cell extraction." (Compl. at 3.) He alleges that Defendant SVSP Correctional Sergeant N. Walker "used (3) T-16 O.C. Grenades, MK-9 (5.5) and a MF-45 [during] an incident where there was never immediate danger to [Plaintiff] or [his] cellie or . . . other people." (Id.) Also present during the cell extraction were Defendants SVSP Correctional Officers

---

[1] According to an attachment to Plaintiff's complaint, the "searches were a result of a dangerous metal from a clipper head that was discovered to be missing and could be utilized to manufacture weapons by cutting pieces of metal from the cell doors, sink and toilet areas." (Attach. to Compl., CDC-115 Rule Violation Report at 1.)

D. Prewitt, Narvaez, B. Gantt, B. Busick, C. Lonero, S. Lima, A. Mata, M. Hood and F. Nuno. Plaintiff further alleges that Defendants SVSP Registered Nurse B. Pollan and SVSP Medical Technical Assistant J. Garcia "poorly cleared [him]" after the incident. He also alleges that Defendants SVSP Wardens M. S. Evans, A. Duncan, A. P. Kane and A. Lamarque as well as Defendant SVSP Chief Deputy Warden D. Travers are liable as a supervisors.

Plaintiff submitted a 602 inmate appeal, which was handled and denied at various levels of review by Defendants SVSP Appeals Coordinator T. Variz, SVSP Chief of Inmate Appeals N. Grannis, SVSP Chief Disciplinary Officer J. Allison, and SVSP Chief Deputy Warden L. E. Scribner.

Finally, Plaintiff alleges that he was denied due process in connection with prison disciplinary proceedings stemming from the December 28, 2004 cell extraction. In January, 2005, Plaintiff was issued a CDC-115 rule violation report for willingly obstructing a peace officer based on his refusal to exit his cell for the cell search to be conducted. Plaintiff claims that on January 12, 2005, Defendants SVSP Correctional Officers C. Lonero and A. Mata, were "assigned to act as staff assistant [SA] and investigative employee [IE]," however, "they did not complete [their] task [of] acting as SA and IE . . . ." (Compl. at 3b.) Plaintiff claims "their intentions where [sic] to represent [him] and simply to cover up corruption." (Id.) On January 13, 2005, the investigation continued with SVSP Correctional Officers Warlaumont and Rosario assigned the tasks of SA and IE, respectively. Plaintiff claims that Officer Rosario performed his task as IE; however, Defendant Warlaumont "did not present [Plaintiff's] position at the hearing" and "never knew [his] defense." (Id.) Defendant SVSP Senior Hearing Officer B. Rankin was the hearing officer for the CDC-115 hearing on February 15, 2005. Plaintiff was eventually found guilty of the rule violation. He was not assessed any forfeiture of credits, instead his yard access was restricted for ten days.

Plaintiff seeks monetary damages.

## DISCUSSION

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.

2

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Eighth Amendment Claims

#### 1. Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by prison guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges the aforementioned Defendants who were members of the extraction team at SVSP used excessive force against him on December 28, 2004. He claims that Defendants Lewis, Elmore and Walker were directly involved in the use of force. Defendants Lewis and Elmore authorized the cell extraction, and Defendant Walker used pepper spray to extract Plaintiff from his cell even though there was no "immediate danger" to anyone. During the incident, Plaintiff alleges that there were other prison officials present (some were part of the cell extraction team), including Defendants Prewitt, Narvaez, Gantt, Busick, Lonero, Lima, Mata, Hood and Nuno, who failed to intervene. These facts support an inference that Defendants Prewitt, Narvaez, Gantt, Busick, Lonero, Lima, Mata, Hood and Nuno were liable for Defendant Walker's use of force on Plaintiff by failing to intervene. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Accordingly,

the Court finds cognizable Plaintiff's Eighth Amendment claims against Defendants Lewis, Elmore and Walker for the use of excessive force and against Defendants Prewitt, Narvaez, Gantt, Busick, Lonero, Lima, Mata, Hood and Nuno for failing to intervene.

### 2. Deliberate Indifference to Serious Medical Needs

Plaintiff's allegations relating to the incident on December 28, 2004 do not state a claim for deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs presents a cognizable claim for violation of the Eighth Amendment). Plaintiff simply states that after the incident, Defendants Garcia and Pollan "poorly cleared [him]." (Compl. at 3.) Without more, the Court cannot determine whether Defendants Garcia's and Pollan's actions amounted to deliberate indifference to Plaintiff's serious medical needs. Furthermore, attached to the complaint is a medical report dated December 28, 2004, which indicates that Plaintiff was "decontaminated," that he was "ambulatory," and that no injuries were found. Accordingly, Plaintiff has failed to adequately alleged a claim against Defendants Garcia and Pollan for deliberate indifference to his serious medical needs. Therefore, his claim is DISMISSED with leave to amend to correct this pleading deficiency.

### B. Supervisory Liability Claims

Plaintiff claims the following Defendants are liable as supervisors: Defendants Evans, Duncan, Kane, Lamarque and Travers.

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

1  Here, Plaintiff must allege that each Defendant named above, as a supervisor, "participated in
2  or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880
3  F.2d at 1045.  He has not made such a claim.  Accordingly, Plaintiff's supervisory liability claims
4  against Defendants Evans, Duncan, Kane, Lamarque and Travers are DISMISSED with leave to
5  amend.

### C.  Claim Relating to Grievance Process

7  Plaintiff alleges that Defendants Variz, Grannis, Allison and Scribner handled and denied his
8  602 appeal at various levels of review.  Although there is a First Amendment right to petition
9  government for redress of grievances, there is no right to a response or any particular action.  See
10 Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("Prisoner's right to petition the government for
11 redress . . . is not compromised by the prison's refusal to entertain his grievance.").  Plaintiff has
12 therefore failed to state a claim against the aforementioned Defendants.  Accordingly, Plaintiff's
13 claim against Defendants Variz, Grannis, Allison and Scribner relating to the grievance process is
14 DISMISSED with prejudice.

### D.  Due Process Claim Relating to Disciplinary Hearing

16 An inmate in California is entitled to due process before being disciplined when the
17 discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and
18 significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515
19 U.S. at 484, 484, 487 (1995).  The process due in such a prison disciplinary proceeding includes
20 written notice, time to prepare for the hearing, a written statement of decision, allowance of
21 witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the
22 inmate is illiterate or the issues are complex.  Wolff v. McDonnell, 418 U.S. at 564-67.  Due process
23 also requires that there be "some evidence" to support the disciplinary decision.  Superintendent v.
24 Hill, 472 U.S. 445 at 454.  The Due Process Clause only requires that prisoners be afforded those
25 procedures mandated by Wolff and its progeny; it does not require that a prison comply with its
26 own, more generous procedures.  See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).
27 While Plaintiff claims he was denied due process at his February 15, 2005 disciplinary
28 hearing, the sanction Plaintiff suffered -- restricted yard access for ten days -- does not rise to the

5

1 level of a deprivation of liberty of real substance. Even liberally construed, the allegations of the
2 complaint fail to state a § 1983 claim against Defendants Lonero, Mata, Warlaumont and Rankin for
3 allegedly violating Plaintiff's right to due process at his February 15, 2005 disciplinary hearing.
4 Therefore, his due process claim against these Defendants is DISMISSED with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has adequately alleged COGNIZABLE Eighth Amendment claims against Defendants Lewis, Elmore and Walker for the use of excessive force and against Defendants Prewitt, Narvaez, Gantt, Busick, Lonero, Lima, Mata, Hood and Nuno for failing to intervene.

2. Plaintiff's Eighth Amendment claims against Defendants Garcia and Pollan for deliberate indifference to his serious medical needs are DISMISSED with leave to amend as indicated above.

3. Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Kane, Lamarque and Travers are DISMISSED with leave to amend as indicated above.

4. Within **thirty (30) days** of the date of this Order Plaintiff may file amended deliberate indifference and supervisory liability claims against the aforementioned Defendants (Plaintiff shall resubmit only those claims and not the entire complaint) as set forth above in Sections II(A)(2) and (B) of this Order. He must clearly label the document an "Amendment to the Complaint," and write in the case number for this action. The failure to do so within the thirty-day deadline will result in the dismissal of: (1) Plaintiff's Eighth Amendment claims against Defendants Garcia and Pollan for deliberate indifference to his serious medical needs; and (2) Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Kane, Lamarque and Travers.

5. Plaintiff's claim against Defendants Variz, Grannis, Allison and Scribner relating to the grievance process is DISMISSED with prejudice.

6. Plaintiff's due process claim against Defendants Lonero, Mata, Warlaumont and Rankin relating to his February 15, 2005 disciplinary hearing is DISMISSED with prejudice.

7. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint as well as copies of all attachments

6

thereto (docket no. 1); (2) a copy of this Order upon: **Defendants SVSP Correctional Captain G. Lewis; SVSP Correctional Lieutenant V. Elmore; SVSP Correctional Sergeant N. Walker; and SVSP Correctional Officers D. Prewitt, Narvaez, B. Gantt, B. Busick, C. Lonero, S. Lima, A. Mata, M. Hood and F. Nuno.** The Clerk shall also mail copies of these documents to the Attorney General of the State of California. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

8. The case has been pending for almost three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the

7

> defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.      If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

      d.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **December 12, 2008** and all discovery responses must be served on or by **January 5, 2009**. In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion

1 shall be submitted on or by the date their reply to Plaintiff's opposition is due. If the Court decides
2 any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a
3 supplemental opposition to the motion for summary judgment.

4     10. All communications by Plaintiff with the Court must be served on Defendants, or
5 their counsel once counsel has been designated, by mailing a true copy of the document to
6 Defendants or their counsel.

7     11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
8 informed of any change of address and must comply with the Court's orders in a timely fashion.
9 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal
10 Rule of Civil Procedure 41(b).

11     12. Because this case has been pending for almost three years, **no further extensions of**
12 **time will be granted in this case absent exigent circumstances**. If exigent circumstances exist,
13 the party making a motion for an extension of time is not relieved from his or her duty to comply
14 with the deadlines set by the Court merely by having made a motion for an extension of time. The
15 party making the motion must still meet the deadlines set by the Court until an order addressing the
16 motion for an extension of time is issued. Any motion for an extension of time must be filed no later
17 than **fifteen (15) days** prior to the deadline sought to be extended.

18     IT IS SO ORDERED.

19 DATED: 10/30/08

                                                      SAUNDRA BROWN ARMSTRONG
20                                                       United States District Judge

**United States District Court**
For the Northern District of California

P:\PRO-SE\SBA\CR.05\Rodriguez5068.service.frm 9

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
   RODRIGUEZ,
4                                                    Case Number: CV05-05068 SBA
              Plaintiff,
5                                                    **CERTIFICATE OF SERVICE**
      v.
6
   EVANS et al,
7
              Defendant.
8  _____/

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on November 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.
13

14

15 Joseph Arthur Rodriguez K66400
   California Correctional Institution
16 4A-7B-105
   P.O. Box 1902
17 Tehachapi, CA 93581

18 Dated: November 3, 2008
                                                     Richard W. Wieking, Clerk
19                                                   By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

   P:\PRO-SE\SBA\CR.05\Rodriguez5068.service.frm