IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARTHUR RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>M. S. EVANS, et al.,<br><br>    Defendants. | No. C 05-5068 SBA (PR)<br><br>**ORDER (1) DISMISSING DELIBERATE INDIFFERENCE AND SUPERVISORY LIABILITY CLAIMS; (2) ADDRESSING PENDING MOTIONS; AND (3) SETTING BRIEFING SCHEDULE** |

On October 30, 2008, the Court issued an Order of Service and directed Plaintiff to amend his deliberate indifference and supervisory liability claims. He was warned the failure to do so would result in dismissal of his deliberate indifference and supervisory liability claims without prejudice. Plaintiff thereafter filed his amendment to the complaint. The Court now reviews Plaintiff's amended deliberate indifference and supervisory liability claims.[1]

**I.   Deliberate Indifference Claim**

In its October 30, 2008 Order, the Court determined that, liberally construed, Plaintiff's allegations relating to the incident on December 28, 2004 did not state a claim for deliberate indifference to his serious medical needs. According to the complaint, Plaintiff simply states that after the incident, Defendants SVSP Medical Technical Assistant J. Garcia and SVSP Registered Nurse B. Pollan "poorly cleared [him]." (Compl. at 3.) Therefore, the Court concluded, "[w]ithout more, the Court cannot determine whether Defendants Garcia's and Pollan's actions amounted to deliberate indifference to Plaintiff's serious medical needs." (Oct. 30, 2008 Order at 4.) The Court further noted that "attached to the complaint is a medical report dated December 28, 2004, which indicates that Plaintiff was 'decontaminated,' that he was 'ambulatory,' and that no injuries were

---

[1] In its October 30, 2008 Order, the Court stated, "Plaintiff may file amended deliberate indifference and supervisory liability claims against the aforementioned Defendants (Plaintiff shall resubmit only those claims and not the entire complaint) as set forth above in Sections II(A)(2) and (B) of this Order." (Oct. 30, 2008 Order at 6.) Therefore, the Court will only address Plaintiff's amended deliberate indifference and supervisory liability claims.

1  found." (Id.)  Therefore, the Court found that Plaintiff failed to adequately allege a claim against
2  Defendants Garcia and Pollan for deliberate indifference to his serious medical needs.  This claim
3  was dismissed with leave to amend to cure this pleading deficiency.

4        Deliberate indifference to serious medical needs violates the Eighth Amendment's
5  proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976);
6  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX
7  Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of
8  "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's
9  medical need and the nature of the defendant's response to that need.  Id. at 1059.  A serious medical
10 need exists if the failure to treat a prisoner's condition could result in further significant injury or the
11 "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  A prison
12 employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of
13 serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v.
14 Brennan, 511 U.S. 825, 837 (1994).

15       Neither negligence nor gross negligence will constitute deliberate indifference.  See Farmer,
16 511 U.S. at 835-36 (1994); see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference
17 requires more than negligence).  A prison official cannot be held liable under the Eighth Amendment
18 for denying an inmate humane conditions of confinement unless the standard for criminal
19 recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or
20 safety.  See Farmer, 511 U.S. at 837.  The official must both be aware of facts from which the
21 inference could be drawn that a substantial risk of serious harm exists, and he must also draw the
22 inference.  See id.  An Eighth Amendment claimant need not show, however, that a prison official
23 acted or failed to act believing that harm actually would befall an inmate; it is enough that the
24 official acted or failed to act despite his knowledge of a substantial risk of serious harm.  See id. at
25 842.  This is a question of fact.  See Farmer, 511 U.S. at 842.  A heightened pleading standard
26 applies to the subjective prong of Eighth Amendment claims:  the plaintiff must make
27 nonconclusory allegations supporting an inference of unlawful intent.  Alfrey v. United States, 276
28 F.3d 557, 567-68 (9th Cir. 2002).

In Plaintiff's amendment to the complaint, he explains:

> Afther [sic] [the] incident [he] was decontaminate[d] but still with the afther [sic] affect [sic] of O.C. spray. Well MTA Garcia and RN Pollan poorly medically cleared [him] by an [sic] quick walk by exam [while he] was handcuff[ed] and had on leg irons, (see video tape) to prove MTA and RN acted with deliberate indifference to serious medical needs. RN only been working for CDCR for 5 months, never reviewed medical records. And it was the MTA that told the RN that the Plaintiff had asthma after cell extraction. Also never did an [sic] licensed clinician worked [sic] with [Plaintiff].

(Am. to Compl. at 3a.)

Plaintiff's allegations in his amendment to the complaint relating to the Eighth Amendment violation fails to cure the pleading deficiencies of his original deliberate indifference claim. The allegations make clear that Plaintiff was decontaminated after the December 28, 2004 cell extraction. Even if he alleges that he was not examined by a "licensed clinician," he received treatment from Defendants Garcia and Pollan. (Id.) Plaintiff argues that Defendants Garcia and Pollan medically cleared him by only doing a "quick walk by exam." (Id.) Even if a longer exam could have been conducted, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); see also Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)), cert. denied, 519 U.S. 1029 (1996). There is no allegation or indication that the alternative shorter exam Plaintiff was provided was detrimental to his health. In any event, the allegations regarding Defendants Garcia's and Pollan's actions, at most, amount to negligence, which is not constitutionally cognizable. Furthermore, there must be some resulting harm from a defendant's actions to state a constitutional claim for inadequate medical treatment. See McGuckin, 974 F.2d at 1060 (some harm required, though it need not be substantial); Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Neither a finding that a defendant's actions are egregious nor that they resulted in significant injury to a prisoner is required to establish a violation of the prisoner's federal constitutional rights. McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v. McMillian, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that Constitution is violated "whether or not significant injury is evident")). However, the existence of

serious harm tends to support an inmate's deliberate indifference claims. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, 974 at 1060). Here, Plaintiff states that based on Defendants Garcia's and Pollan's actions "harm or death is likely to occur or illnesses [and] diseases are possible in future breathing bronchial tubes, nose sinuses, lungs . . . these organs have contact with air. Breathing chemicals can actually impair air lung functioning and weakens blood cells." (Am. to Compl. at 3a.) The Court finds that Plaintiff's statements relating to the alleged resulting harm are too speculative, thus, they do not support his deliberate indifference claim. Therefore, the Court finds that Plaintiff's allegations in his amendment to the complaint do not amount to a claim of deliberate indifference to his serious medical needs against Defendants Garcia and Pollan. Plaintiff fails to state a constitutionally cognizable deliberate indifference claim as a matter of law and leave to amend would be futile. Accordingly, Plaintiff's deliberate indifference claim against Defendants Garcia and Pollan is dismissed without further leave to amend.

## II. **Supervisory Liability Claims**

In the amendment, Plaintiff states that Defendants SVSP Wardens M. S. Evans, A. Duncan, A. P. Kane and A. Lamarque as well as Defendant SVSP Chief Deputy Warden D. Travers are liable as supervisors:

> Evans, Duncan, Kane, Lamarque and Travers are prison administrators and did not use excessive force or participate[] in any incident but as top-ranking administrators they are abdicating their duty to supervise and monitor the use of force and deliberately permitting a pattern of excessive force to develop and persist. So supervisory indifference or tacit authorization of subordinate misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.

(Am. to Compl. at 3b.)

The Court finds that Plaintiff is alleging respondeat superior claims. Plaintiff seeks to hold Defendants Evans, Duncan, Kane, Lamarque and Travers liable because they are the supervisors of the persons Plaintiff contends violated his rights. This is, however, not a proper basis for liability under 42 U.S.C. § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, nothing in the amendment is sufficient to overcome the deficiency of his supervisory liability claim against Defendants Evans, Duncan, Kane, Lamarque and Travers, which gave rise to the dismissal with leave to amend.

Accordingly, Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Kane, Lamarque and Travers are dismissed without further leave to amend.

## **CONCLUSION**

1. Plaintiff's deliberate indifference claim against Defendants Garcia and Pollan is dismissed without further leave to amend.

2. Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Kane, Lamarque and Travers are dismissed without further leave to amend. Because the Court has dismissed all claims again Defendant Evans, the Court VACATES its January 26, 2009 Order Directing United States Marshal to Personally Serve Defendant Michael S. Evans Pursuant to FRCP 4(e)(2). If Defendant Evans has been personally served by that date this Order is issued, then the Clerk of the Court is directed to terminate Defendant Evans as a defendant in this action.

3. Defendants' motion to screen Plaintiff's amendment to the complaint (docket no. 36) is GRANTED. Because the Court has dismissed all of Plaintiff's claims in his amendment to the complaint, Defendants' motion to strike Plaintiff's amendment to the complaint (docket no. 36) is DENIED as unnecessary.

4. Defendants Walker, Lonero, Hood, Prewitt, Gantt, Lima, Lewis, Elmore and Mata filed an answer to Plaintiff's complaint on January 26, 2009. The case has been pending for almost three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants Walker, Lonero, Hood, Prewitt, Gantt, Lima, Lewis, Elmore and Mata shall file their dispositive motion no later than **February 25, 2009.** The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the aforementioned Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on the aforementioned Defendants no later than **thirty (30) days** after the date on which

1 the aforementioned Defendants' motion is filed.  The Ninth Circuit has held that the following notice

2 should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the aforementioned Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in the aforementioned Defendants' declarations, their version may be taken as true and the case may be decided in their favor without a trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

1      c.      If the aforementioned Defendants wish to file a reply brief, they may do so no
2 later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

3      d.      No hearing will be held on the motion unless the Court so orders at a later
4 date.

5      5.      The remaining defendants, SVSP Correctional Officers F. Nuno and M. A. Narvaez,
6 were served on January 22, 2009 and January 29, 2009, respectively.  Therefore, Defendants Nuno
7 and Narvaez shall abide by the briefing schedule in the Court's October 30, 2008 Order.

8      6.      The Clerk of the Court shall send a copy of this Order to Attorney Michael J. Quinn,
9 from the Office of the Attorney General of the State of California, who is the attorney of Defendants
10 Walker, Lonero, Hood, Prewitt, Gantt, Lima, Lewis, Elmore and Mata.  Additionally, the Clerk shall
11 mail a copy of this Order to Plaintiff.

12      7.      **No further extensions of time will be granted in this case absent exigent**
13 **circumstances**.  If exigent circumstances exist, the party making a motion for an extension of time
14 is not relieved from his or her duty to comply with the deadlines set by the Court merely by having
15 made a motion for an extension of time.  The party making the motion must still meet the deadlines
16 set by the Court until an order addressing the motion for an extension of time is issued.  Any motion
17 for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to
18 be extended.

19      8.      This Order terminates Docket no. 36.

20      IT IS SO ORDERED.

21 DATED: 2/6/09

                                    *Saundra B Armstrong*
22                                  SAUNDRA BROWN ARMSTRONG
                                    United States District Judge

P:\PRO-SE\SBA\CR.05\Rodriguez5068.DismissAmClaims.wpd

7

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
   RODRIGUEZ,
4                                                    Case Number: CV05-05068 SBA
             Plaintiff,
5                                                    **CERTIFICATE OF SERVICE**
       v.
6
   EVANS et al,
7
             Defendant.
8  _____/

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on February 6, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

13

14

15 Joseph Arthur Rodriguez K66400
   California Correctional Institution
16 P.O. Box 1902
   Tehachapi, CA 93581
17

18 Dated: February 6, 2009
                                                Richard W. Wieking, Clerk
19                                              By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

P:\PRO-SE\SBA\CR.05\Rodriguez5068.DismissAmClaims.wpd