IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. RODRIGUEZ,<br><br>     Plaintiff,<br><br>  v.<br><br>M. S. EVANS, Warden.,<br><br>     Defendants.<br>_____ / | No. C 05-05068 SBA (PR)<br><br>**ORDER (1) DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL; (2) DIRECTING DEFENDANTS TO SUPPLEMENT THE RECORD WITH A COPY OF VIDEOTAPE OF CELL EXTRACTION; AND (3) ALLOWING VIEWING OF VIDEOTAPE BY PLAINTIFF AND AT SETTLEMENT HEARING** |

Plaintiff Joseph Arthur Rodriguez, a state prisoner currently incarcerated at California Correctional Institution, filed this pro se civil rights action under 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison for injuries incurred in 2004 after an incident involving the use of pepper spray during a cell extraction.

Before the Court are Defendants' motion for summary judgment and Plaintiff's renewed motion for appointment of counsel to represent him in this action.

**I.     Motion for Appointment of Counsel**

Plaintiff has filed a renewed request for appointment of counsel because he is unable to afford counsel, the issues presented are complex, he has limited access to the law library, and he cannot effectively litigate his case. (Renewed Mot. for Att'y at 1.) However, as stated in the Court's previous Order denying appointment of counsel, there is no constitutional right to counsel in a civil case. See Apr. 24, 2008 Order at 1 (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981)). Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989).

The district court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997);  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Here, the Court finds that Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved, and that the issues presented in Defendants' motion for summary judgment are straightforward.  Accordingly, the Court finds that appointment of counsel is not necessary at this time.  Plaintiff's renewed motion for appointment of counsel (docket no. 57) is DENIED without prejudice.

**II.     Videotape of Cell Extraction**

As mentioned above, Defendants have filed a motion for summary judgment.  The motion for summary judgment is supported, in part, by a videotape of the cell extraction which gave rise to this case.  However, counsel for Defendants did not submit a copy of this videotape as an exhibit in support of the motion for summary judgment.  No later than **three (3) days** of the date of this Order, Respondent shall submit a copy of the videotape to the Court for review or shall explain why he is unable to do so.

Plaintiff has yet to file his opposition to Defendants' motion for summary judgment.  Based on the scheduling order in the Court's October 30, 2008 Order, the deadline for the filing of Plaintiff's opposition is on or before **March 27, 2009.**  The Court finds that Plaintiff must be given the opportunity to view the videotape in order to respond to Defendants' motion for summary judgment.  Therefore, no later than **seven (7) days** from the date of this Order, counsel for Defendants shall take steps to see that the appropriate authorities provide Plaintiff with an opportunity to see it.  A copy of the videotape need not be given Plaintiff to retain, in light of possible security concerns.

2

1  The Court notes that the parties will be meeting for a settlement conference before
2 Magistrate Judge Nandor Vadas on March 9, 2009 at 1:00 pm.  Counsel for Defendants shall bring
3 the videotape to the settlement conference in order for it to be viewed at the discretion of Magistrate
4 Judge Vadas, who will determine whether all parties should be allowed to view the videotape at that
5 time.  If the videotape will not be viewed during the settlement conference, Magistrate Judge Vadas
6 has the discretion to allow Plaintiff to view the videotape either before or after the conference.

### **CONCLUSION**

8  1.  Plaintiff's renewed motion for appointment of counsel (docket no. 57) is DENIED
9 without prejudice.

10  2.  No later than **three (3) days** of the date of this Order, Respondent shall submit a copy
11 of the videotape of the cell extraction to the Court for review or shall explain why he is unable to do
12 so.

13  3.  No later than **seven (7) days** from the date of this Order, counsel for Defendants shall
14 take all necessary steps to allow Plaintiff to view the videotape of his cell extraction.

15  4.  Counsel for Defendants shall bring the videotape to the March 9, 2009 settlement
16 conference in order for it to be viewed at the discretion of Magistrate Judge Vadas.  Counsel for
17 Defendants shall contact the prison officials at the California State Prison in Solano, where the
18 conference is going to be held, to make sure they will be able to accommodate the viewing of the
19 videotape on the date of the settlement conference.

20  5.  Pursuant to the briefing schedule in the Court's October 30, 2008 Order, Plaintiff
21 must file his response to Defendants' motion for summary judgment no later than **March 27, 2009.**
22 If Defendants wish to file a reply brief, they may do so no later than **March 31, 2009.  No further**
23 **extensions of time will be granted in this case absent exigent circumstances.**

24  6.  This Order terminates Docket no. 57.

25  IT IS SO ORDERED.

26 DATED: 3/4/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.05\Rodriguez5068.denyATTY&showVIDEO.wpd  3

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
   RODRIGUEZ,
4                                                    Case Number: CV05-05068 SBA
              Plaintiff,
5                                                    **CERTIFICATE OF SERVICE**
     v.
6
   EVANS et al,
7
              Defendant.
8                                              /

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on March 5, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

13

14

15 Joseph Arthur Rodriguez K66400
   California Correctional Institution
16 P.O. Box 1902
   Tehachapi, CA 93581

17

18 Dated: March 5, 2009
                                                     Richard W. Wieking, Clerk
19                                                   By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

P:\PRO-SE\SBA\CR.05\Rodriguez5068.denyATTY&showVIDEO.wpd

**United States District Court**
For the Northern District of California