IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ARTHUR RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>M. S. EVANS, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-05068 SBA (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket no. 68.) |

    Plaintiff has filed another request for the Court to appoint counsel to represent him in this action.  The Court notes that Plaintiff's previous requests have all been denied.

    As stated in the Court's previous Orders denying appointment of counsel, there is no constitutional right to counsel in a civil case.  See Apr. 24, 2008 Order at 1 (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981)); Mar. 4, 2009 Order at 1 (same).  Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of counsel."  Mallard v. United States District Court, 490 U.S. 296, 310 (1989).

    The district court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.  Neither the need for discovery, nor the fact

1 that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the
2 issues involved as complex. See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was
3 comprehensive and focused and his papers were generally articulate and organized, district court did
4 not abuse discretion in denying request for counsel).

Here, the Court has already determined that Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved, and that the issues presented in Defendants' motion for summary judgment are straightforward.  (Mar. 4, 2009 Order at 2.) Accordingly, the Court again finds that appointment of counsel is not necessary at this time. Plaintiff's motion for appointment of counsel (docket no. 68) is DENIED without prejudice.

Plaintiff has yet to file his opposition to Defendants' motion for summary judgment.  Based on the Court's April 3, 2009 Order Granting Extension of Time for Plaintiff to File Opposition to Motion for Summary Judgment, the deadline for the filing of Plaintiff's opposition is on or before **May 18, 2009**.[1]

If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

**No further extensions of time will be granted in this case absent exigent circumstances.**

This Order terminates Docket no. 68.

IT IS SO ORDERED.

DATED: 4/24/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

---

[1] In a letter to the Court dated April 13, 2009, Plaintiff mentions an "April 12, 2009 Motion for Extension of Time."  (Apr. 13, 2009 Letter at 1.)  However, the Court has not received that motion.  He further states, ". . . I request the Court does not grant summary judgement [sic] yet, so please make a rejection or give me time as requested . . . [in the] (4-12-09) motion . . . ."  (Id.) Because the Court has not received a formal motion for an extension of time, it will not rule on such a request.  Plaintiff is cautioned that he was warned in the Court's April 3, 2009 Order that, "**No further extensions of time will be granted in this case absent exigent circumstances.**"  (Apr. 3, 2009 Order at 2 (emphasis in original).)

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RODRIGUEZ,

        Plaintiff,

v.

EVANS et al,

        Defendant.

Case Number: CV05-05068 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Arthur Rodriguez K66400
California Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

Dated: April 27, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk